**RENNER REALTY CO v HINES et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 7, 1933

F. L. Oesch, Youngstown, and E. L. Welsh, Jr., for plaintiff in error.
Barnum, Hammond, Stephens and Hoyt, Youngstown, for defendants in error.

POLLOCK, J.

Upon a hearing in the court below a receiver was granted. From the granting of this receiver the defendants prosecute this action in error. Evidence was introduced by the plaintiff below which it is claimed tends to show that the partnership is insolvent and that the mortgage was given for the purpose stated in the petition. This hearing was before the case was at issue and the only question before the court below was the question of whether a receiver should be appointed for this purpose. The action is brought, of course, in pursuance of §11104 GC and also §11105 GC. §11104 GC provides:

"In a suit brought by a creditor or creditors of such debtor or debtors for the purpose of declaring such sale void, a receiver may be appointed who shall take charge of all the assets of such debtor or debtors."

The right of appointment of a receiver under this section before the rights of the parties have been determined in the court below, depends upon the right to appoint receivers generally or at least on the ground of insolvency, and it may be well to look at some of the principles authorizing the appointment of a receiver.

4 Pomeroy's Equity Jurisprudence, §1331, reads as follows:

"The appointment Discretionary. The appointment of a receiver, is, as a general rule, discretionary. The discretion is not arbitrary or absolute; it is a sound and judicial discretion, taking into account all the circumstances of the case, exercised for the purpose of promoting the ends of justice, and of protecting the rights of all the parties interested in the controversy and the subject matter, and based upon the fact that there is no other adequate remedy or means of accomplishing the desired objects of the judicial proceeding. One of the most material circumstances, without which the court would hardly make the appointment, is the reasonable probability that the plaintiff asking for a receiver will ultimately succeed in obtaining the general relief sought for by his suit."

Sec 1485 GC reads:

"Principles Governing the Court's Discretion; Imminent Danger. The general principles which should govern the court in the exercise of its discretion have been thus formulated in a leading case. The plaintiff must show first, either that he has a clear right to the property itself or that he has some lien upon it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim; and secondly, that the possession of the property by the defendant was obtained by fraud; or that the property itself, or the income arising from it, is in danger of loss from the neglect, waste, misconduct or insolvency of the defendant. The element of danger is an important consideration; a remote or past danger will not suffice as a ground for the relief, but there must be a well grounded apprehension of immediate injury. Nor will the court act upon a possible danger only; the danger must be great and imminent, and demanding immediate relief."

Sec 1486 GC reads as follows:

"Same; Insolvency of Defendant. While insolvency, alone, is not a ground for the appointment of a receiver, unless it has been so declared by statute, the solvency or insolvency of a party to be affected is

an important consideration with a court of equity, in all cases guiding, if it does not govern, its discretion in the appointment of receivers. The insolvency of a defendant in possession of property involved in litigation in any case necessarily intensifies the probability of loss to the complainant, and will serve, at least to show that his remedy at law, for any loss or injury that may be sustained, would be inadequate."

It will be seen from these authorities that while the right to grant a receiver in such cases is discretionary with the trial court, but this should only be a sound discretion and that there should be some reasons for granting the injunction. There is no evidence in this case that the defendants or any of them are in any way damaging this property. The president of the plaintiff below company in answering to the question "Was it true that these men have honestly tried to run the hotel to the best advantage," the answer is, "I don't think there is any doubt about it." And further when asked whether a receiver could operate the property at a profit, this witness answered, "I don't know."

There is already an injunction in favor of the plaintiff against these defendants, preventing them from removing any of this property from the building. It appears from the evidence that this partnership owes the co-defendant Josephine Andirkas the amount secured by this chattel mortgage and that the property covered by the chattel mortgage was purchased with money borrowed from her under a promise to pay it back in a short time, which the partnership failed to do, but at her request executed this mortgage thereon. The issue in that case is really between the plaintiff below and Josephine Andirkas. A receiver would be quite an expense, which must be borne by this property, and we do not find from this evidence that any benefit would result from the appointment of a receiver.

It follows that the judgment of the court below appointing a receiver is reversed and the case remanded for such other proceedings as may be according to law. Exceptions.

FARR and ROBERTS, JJ, concur.